IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOYCE ANN WOLSKI**,

    Plaintiff,

v.                                         Civ. No. 08-1017 MCA/DJS

**SANDY DANNENBON**,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### DISMISSING COMPLAINT

**THIS MATTER** comes before the Court *sua sponte*. The Court has the obligation to dismiss an *in forma pauperis* complaint *sua sponte* "at any time" if the Court finds "the allegation of poverty" to be untrue, or if "the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2); *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (noting the Court's obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)"). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

> 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As a preliminary matter, the Court concludes that it should not have granted Wolski's motion to proceed *in forma pauperis*. Her financial application is incomplete in that she left blank the section informing the Court of any income from any source. *See* Doc. 2. The Court takes judicial notice that, in several other applications, Wolski has stated that she receives income from sources other than employment. *See, e.g.*, *Wolski v. Clinton*, No. 08cv981 JH/ACT, Doc. 5 at 2 (D.N.M. Nov. 25, 2008) (dismissing case as frivolous because allegations were delusional and denying IFP status and noting that Wolski "reports an income of $980/month,"); *Wolski v. Joy Junction*, No.

08cv390 WJ/ACT, Doc. 6 at 2 (D.N.M. May 16, 2008) (dismissing case as frivolous and denying motion to proceed IFP and noting that Wolski "reports an income of over $1000/month"); *Wolski v. Garduno*, No. 08cv297 ACT/WPL, Doc. 6 at 2 (D.N.M. May 20, 2008) (dismissing case as frivolous and denying motion to proceed IFP and noting that Wolski "reports an income of over $1000/month"); *Wolski v. O'Conner*, No. 08cv333 MV/DJS, Doc. 2 at 2 (alleging income of $1075/month); Doc. 4 (dismissing case *sua sponte* as frivolous) (D.N.M. April 30, 2008); *cf. Wolski v. Wolski*, No. 08cv821 WJ/WDS Doc. 3 (D.N.M. Nov. 4, 2008) (dismissing case as frivolous and denying motion to proceed IFP in case in which Wolski left net monthly income line blank).

But more importantly, Wolski's complaint, like all of the others that she has filed in this Court, fails to allege any facts to state a cognizable federal claim, and many of the facts she alleges are delusional. For example, Wolski states that Dannenbon, a private actor, has hired "the president of the USA and presidential candidates putting them into a mind control cult along with 500+ other ppl as well." Doc. 1 at 2. She asserts that Dannenbon is responsible for the "killing of [her] daughter," the false imprisonment of her husband, the "stealing of our enheritances," and the "embezzlement" of her mother, father, and herself. *Id.* None of Wolski's statements state a cognizable federal claim under 42 U.S.C. § 1983 or any other federal statute, and amendment would be futile.

**IT IS ORDERED** that the Order granting Wolski's application to proceed IFP (Doc. 4) and the Order requiring federal service of process (Doc. 5) are WITHDRAWN;

**IT IS FURTHER ORDERED** that Wolski's complaint is DISMISSED.

3

**SO ORDERED** this 26th day of May, 2009.

_____
M. CHRISTINA ARMIJO
United States District Judge